NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MASSACHUSETTS

## WESTERN DIVISION

| | |
|---|---|
| In Re: Ann Grace          ) | Case No. 05-43093-JBR |
|                           ) | Chapter 7 |

MEMORANDUM OF DECISION

This matter is before the Court on the objections of the Bankruptcy Trustee and a creditor to the Debtor's claimed exemption of three annuities and two "Rollover" accounts. The facts are not in dispute and are briefly set forth. Debtor filed her chapter 7 Bankruptcy prior to October 17, 2005 and claimed the Massachusetts exemptions, including Massachusetts General Laws, chapter 235, section 34A. The within objections followed. At a hearing on the objections on October 20th the Debtor stipulated on the record that the AMEX and Fidelity annuities were not exempt. With respect to the two "Rollover" accounts, the Debtor agreed to provide the objecting parties with additional documentation and the objecting parties were to advise the Court if they wished to pursue their objections on these accounts. The Court has heard nothing and thus assumes that the objecting parties are now satisfied that the "Rollover" accounts are exempt. The parties further agreed that no evidentiary hearing was necessary and agreed to file written submissions to the Court. It is that context that the Court turns to the submitted issues.

In order for the only remaining annuity, the so called " Hartford Annuity" to be exempt it

must satisfy the requirements of Massachusetts General Laws Chapter 235, Section 34A. Based on the Court's review of the submissions and the Hartford Annuity, it does not. The Hartford Annuity is not an individual retirement annuity because the initial amount paid was $25,000, far above the $2000 cap under the Internal Revenue Code. To interpret the statute as the Debtor suggests would create clearly unintended consequences, ones not envisioned or required by the statute. Further, the annuity does not begin to pay until the Debtor's 90th birthday. An individual retirement annuity must commence payment by age 70 ½. Other indicia of individual retirement annuities are also lacking. The box checked on the application page is not sufficient to change the nature of the contract.

The Court finds the Debtor's arguments unpersuasive.

The Objections to exemption are therefore sustained and the Court finds that the three annuities scheduled on Schedule B, item 10 are not exempt.

A separate order will issue.

November 9, 2005

Joel B. Rosenthal